APRIL, 1843.  227

The State v. The Judge of the Commercial Court of New Orleans.

---

## THE STATE v. THE JUDGE OF THE COMMERCIAL COURT OF NEW ORLEANS.

HARVARD LAW SCHOOL LIBRARY.

Where an inferior judge refuses to try a cause at issue between the parties, on the ground that others unknown, may be interested, and should be made parties, a mandamus will be granted to compel him to proceed. If those who are interested and informed of the proceedings, do not appear to protect their rights, they must bear the consequences; and those who are neither parties nor privies to the proceedings cannot be affected by the judgment.

RULE to show cause why a mandamus should not be issued to the Judge of the Commercial Court of New Orleans, directing him to proceed with the trial of the case of *Heath* v. *Bein and Husband*.

*Elmore* and *King*, for the applicant.

*Watts*, Judge of the Commercial Court, and

*Eggleston*, for the defendants below, opposed the rule.

GARLAND, J. Robert Heath commenced an action in the Commercial Court, as the endorsee of a promissory note, against Mary Bein the maker, and Richard Bein, her husband, as the endorser. The former for answer alleged that she had given the note for a debt owing by her husband, who derived the whole and exclusive

benefit of the same. She further answered, that she signed it as the surety of her husband ; that she was legally incapable of executing such an obligation in favor of her husband so as to be binding on her ; that the same is null and void ; and that her husband could not transfer to any one such an obligation, with a right of action against her. She further alleged that she had never been separated in person or property from her husband. It was also alleged, that the note was given for the semi-annual interest on a loan of money made to the husband, and she prayed to be finally discharged from all liability on the said note. On the filing of this answer, the plaintiff Heath, amended his petition, and alleged, that the note sued on was one of a series of notes given for the interest on a loan of ten thousand seven hundred and eleven dollars and seventy-one cents, made to said Mary Bein for her own use and benefit, as would appear from an act of mortgage annexed. This act is in favor of Sherman Heath, and states, that he had lent Mary Bein the sum above mentioned, for her sole use and benefit, which sum is to be repaid in five years, to wit, in May, 1843 ; and that a note has been given for the amount, and ten other notes for interest, payable semi-annually, to secure all which certain property is mortgaged. The action was on the note for the ninth instalment of interest.

To this supplemental petition, Mary Bein reiterated her denial of the loan having been made for her benefit and use ; and averred that it was for money borrowed from Sherman Heath to pay her husband's debts, as Sherman Heath well knew. She also alleges, among many other matters, not material now to mention, that the plaintiff Robert Heath was an heir of Sherman Heath, who died sometime past, and was informed of all the circumstances ; wherefore she prayed the whole contract might as to her, be annulled and declared void. After the filing of the answer, Robert Heath took a rule on Mary Bein to show cause, why all that part of her answer relating to the nullity of the contract and prayer to annul it, should not be stricken out, and the defence be confined to the note sued on, as she had no right to seek to annul, any other note and act, than the one sued on. When this rule was tried, the court instead of acting directly on it, ordered " that this case stand

over with directions to defendants to amend their answer, by making the holders of the other notes parties to this suit."

The plaintiff Heath, then offered to discontinue his suit: the defendant Mary Bein objected, and the court refused to permit him to do so, as a demand in reconvention existed. The defendants then amended their answer, alleging that the plaintiff, Heath, had the other notes in his possession. This he denied. The cause was ordered to be tried by a jury, which was called sometime after, and both parties avowing themselves ready for trial, the jury was sworn and the plaintiff Heath was proceeding with his cause ; when the judge, perceiving that the holders of the other notes had not been made parties to the suit, arrested the plaintiff Heath, in the course he was pursuing ; discharged the jury ; and ordered the cause to stand continued until the defendant Bein, could find out the holders of the other notes and make them parties, contrary to the protestations of Heath, and without being solicited by the defendants.

The plaintiff Heath, now presents himself, alleging that the course pursued by the court below, amounts to a denial of justice : as it is the interest of the defendant Bein, never to make the holders of the notes not due, parties, or to proceed to trial ; wherefore he prays that a mandamus may be issued, ordering the judge to proceed to the trial of the cause.

The Judge, in showing cause why no such writ or order should issue, recites the pleadings in the case ; alleges that the act of mortgage shows that there are other notes not yet due, and that the holders of them ought to be made parties to any suit, in which the validity of the contract on which they are based is attacked. He alleges that the plaintiff Heath, has become a co-proprietor of the contract, and that as the defendants Bein attack the whole contract, all the co-proprietors ought to be made parties to the litigation, and the court ought not to proceed with the trial until every party interested shall be notified ; otherwise it might happen, that two different judgments might be rendered on the same contract. The Judge avers, that this is the rule in the Chancery Courts in the other States of the Union, and in England ; and he has acted upon it in this case. He states that he was not informed until after the trial commenced, that the holders of the outstand-

ing notes had not been made parties to the suit; wherefore he arrested the trial.

This application is based on articles 829, 830 of the Code of Practice, which authorizes the issuing of a mandamus to the Judge, directing him to proceed, when the delay or refusal to act in a cause amounts to a denial of justice. We are of opinion that the Judge erred in refusing to proceed with the trial of the cause, and in discharging the jury. A refusal to try a cause between parties who have made up an issue between themselves, on the ground that other unknown persons may be interested, and should be made parties to the suit, it seems to us, cannot be sustained. If other persons are interested and informed of the proceedings, the law provides a mode in which they may assert their rights. If they do not appear and protect their interests, they must take the consequences. If the holders of the outstanding notes do not become parties or privies to the pending suit, it is very certain that they will not be bound by any judgment that may be rendered in it; and although a judgment might, in the present case be given against one of the parties, yet we have no doubt the Judge of the Commercial Court, would very diligently examine into all the facts in another suit, for the purpose of doing justice between Mary Bein, and the other parties. If it be true, that Robert Heath, is the holder of the other notes, as is supposed, and, on the trial in the suit now pending, the whole contract should be annulled, so much the worse for him, as an opportunity was afforded him to take care of his rights. But if any other person, not claiming under him, is the holder of those notes, and judgment is rendered between the plaintiff and defendants, it would not be binding on such persons, unless it should be shown that they act for the use and benefit of Robert Heath.

It may also be true, as stated by the Judge, that in this case a judgment may be rendered in favor of the plaintiff Heath, and upon further investigation the whole contract be annulled. If this should be the result, it would arise from there being different testimony on the two trials ; as we cannot suppose different judgments would be given on the same state of facts.

The rule must be made absolute, and the mandamus be issued.